UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Timothy M. Endicott,<br>    Debtor.<br><br>Wells Fargo Bank, N.A.,<br>    Movant,<br><br>    v.<br><br>Timothy M. Endicott,<br>    Debtor/Respondent,<br><br>KENNETH E. WEST,<br>    Trustee/Additional Respondent. | Bankruptcy No. 25-10245-amc<br><br>Chapter 13<br><br>Hearing Date: March 31, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing Location: 900 Market Street, Courtroom Number #4, Philadelphia, PA 19107 |

**MOTION FOR RELIEF FROM AUTOMATIC STAY OF WELLS FARGO BANK, N.A. TO PERMIT FORECLOSURE OF 1438 S. 27TH ST., PHILADELPHIA, PA 19146**

Wells Fargo Bank, N.A. ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states the following:

1. Timothy M. Endicott ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on January 21, 2025.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On June 5, 2023, Timothy Endicott executed and delivered a Promissory Note ("Note")

and Mortgage ("Mortgage") securing payment of the Note in the amount of $244,925.00 in favor of Wells Fargo Bank, N.A. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded June 30, 2023 as Document ID No. 54196920 of the Public Records of Philadelphia County, PA. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 1438 S. 27TH Street, Philadelphia, Pennsylvania 19146 (the "Property").

6. Movant is the holder of the Note ("Noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the Promissory Note and the Promissory Note is either made payable to Noteholder or has been duly endorsed.

7. Based upon the Debtor(s)' First Amended Chapter 13 Plan ("Plan")(at Docket No. 12), the Debtor intends to cure pre-petition payment arrears due to Movant through the Chapter 13 Plan and remains responsible for remitting all post-petition payments directly to Movant. A true and correct copy of the First Amended Chapter 13 Plan is attached hereto as Exhibit "C".

8. As of February 9, 2026, the Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,778.34 which came due for the period December 1, 2025 through February 1, 2026.

9. As of February 9, 2026 the Debtor(s)' post-petition arrears are $5,335.02, less a suspense balance of $1,664.98 for a total of arrears of $3,670.04. By the time of hearing

on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above. s*ee* Exhibit "D".

10. As of February 9, 2026, the unpaid principal balance due under the loan documents is $237,109.98. Movant's total claim amount, itemized below, is $239,238.84. *See* Exhibit "E".

| | |
|---|---|
| Unpaid Principal Balance | $237,109.98 |
| Interest (From 11/1/2025 to 2/9/2026) | $3,663.22 |
| Suspense Balance | ($1,664.98) |
| Mortgage Insurance premium | $130.62 |
| Total Payoff | $239,238.84 |

11. Debtor(s)' docketed schedules list the value of the Property as $252,500.00. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "F".

12. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

13. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

14. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

15. As a result, cause exists pursuant to 11 U.S.C. § 362(d) of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns

to pursue its state court remedies, including the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

16. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE**, Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) to permit Wells Fargo Bank, N.A. to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding which may be deemed recoverable, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: March 4, 2026

> **Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
> Attorneys for Movant
> 13010 Morris Rd., Suite 450
> Alpharetta, GA 30004
> Telephone: 470-321-7112
> By: /s/Sherri R. Dicks
> SHERRI R. DICKS
> PA Bar Number 90600
> Email: sdicks@raslg.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

In re:  
Timothy M Endicott,                                CHAPTER:    13

                        Debtor(s)   |   CASE NO.    25-10245-amc

**DECLARATION OF INDEBTEDNESS**

Property Address:  
1438 S 27th St, Philadelphia, Pennsylvania 19146

Mortgage Servicer:  
Wells Fargo Bank, N.A.

Post-petition mailing address for Debtor(s) to send payment:  
Wells Fargo Home Mortgage  
PO Box 14507  
Des Moines, IA 50306

Mortgagor(s)/Debtor(s):  
Timothy M Endicott (Debtor)

Payments are contractually due:

☒ Monthly  ☐ Semi-monthly   ☐ Bi-weekly   ☐ Other

Each Monthly Payment is comprised of:  
Principal and Interest.....    $1,409.93  
R.E. Taxes......................    $368.41  
Insurance........................    Included in R.E. Taxes  
Late Charge...................    $0.00  
Other.............................    $0.00     (Specify: N/A)  
**TOTAL**........................    $1,778.34

**POST-PETITION PAYMENTS** (Petition was filed on January 21, 2025)

**PLEASE SEE EXHIBIT "D".**

25-10245-amc  
MFR

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: (3) as of February 9, 2026.

TOTAL AMOUNT OF POST-PETITION ARREARS: $5,335.02, less suspense of $1,664.98 for a total of arrears of $3,670.04 as of February 9, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated: February 26, 2026

*Charice Madden* (signature)
Mortgage Company
Wells Fargo Bank, N.A.

Charice Gladden, Vice President Loan Documentation
(Print Name and Title)

25-10245-amc
MFR